United States Bankruptcy Court
Eastern District of New York

In re:                                                                                                Case No. 24-40728-jmm
Antonietta Modica                                                                          Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0207-1                          User: admin                          Page 1 of 2
Date Rcvd: Feb 21, 2024                   Form ID: pdf008                  Total Noticed: 8

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+              Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 23, 2024:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Antonietta Modica, 16105 92nd St, Howard Beach, NY 11414-3429 |
| 10305612 | Merrick Bank Card Services, PO Box 66072, Dallas, TX 75266 |
| 10305614 | Wilmington Trust, 14841 Dallas Pkwy, Ste 300, 14841 Dallas Pkwy Ste 300, Dallas, TX 75254-7883 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| smg | + Email/Text: ustpregion02.br.ecf@usdoj.gov | Feb 21 2024 18:15:00 | Office of the United States Trustee, Eastern District of NY (Brooklyn), Alexander Hamilton Custom House, One Bowling Green, Room 510, New York, NY 10004-1415 |
| 10305609 | + Email/PDF: creditonebknotifications@resurgent.com | Feb 21 2024 18:27:51 | Credit One Bank, Credit One Bank, PO Box 60500, City of Industry, CA 91716-0500 |
| 10305610 | + Email/Text: Atlanticus@ebn.phinsolutions.com | Feb 21 2024 18:15:00 | Fortiva Credit Card, PO Box 105555, Atlanta, GA 30348-5555 |
| 10305611 | + Email/Text: Mercury@ebn.phinsolutions.com | Feb 21 2024 18:15:00 | Mercury, PO Box 70168, Philadelphia, PA 19176-0168 |
| 10305613 | Email/Text: NissanBKNotices@nationalbankruptcy.com | Feb 21 2024 18:15:00 | Nissan Motor Acceptance Corp., 14841 Dallas Pkwy Ste 300, Dallas, TX 75254-7883 |

TOTAL: 5

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 23, 2024                            Signature:        /s/Gustava Winters

| | | |
|---|---|---|
| District/off: 0207-1 | User: admin | Page 2 of 2 |
| Date Rcvd: Feb 21, 2024 | Form ID: pdf008 | Total Noticed: 8 |

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 19, 2024 at the address(es) listed below:**

**Name**      **Email Address**

Allan Winston Horatio Jennings, Jr
    on behalf of Debtor Antonietta Modica jenningslaws@gmail.com

Office of the United States Trustee
    USTPRegion02.BR.ECF@usdoj.gov

TOTAL: 2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------X

IN RE:

**Modica, Antonietta**

                  DEBTOR(S).

-----------------------------------X

CHAPTER 13

CASE NO.:

## CHAPTER 13 PLAN   <span style="float:right">Effective 12/01/2019</span>

☐ Check this box if this is an amended plan. List below the sections of the plan which have been changed:

_____

**PART 1: NOTICES**

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstance or that it is permissible in your judicial district. Plans that do not comply with the local rules for the Eastern District of New York may not be confirmable. If you do not have an attorney, you may wish to consult one.

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read this plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

**1.1:** The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both or neither boxes are checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| a. | **A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor** | ☑ Included | ☐ Not included |
| b. | **Avoidance of a judicial lien or nonpossessory, non-purchase-money security interest, set out in Section 3.6** | ☐ Included | ☑ Not included |
| c. | **Nonstandard provisions, set out in Part 9** | ☐ Included | ☑ Not included |

**1.2:** The following matters are for informational purposes.

| | | | |
|---|---|---|---|
| a. | **The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence, set out in Section 3.3** | ☐ Included | ☑ Not included |
| b. | **Unsecured Creditors, set out in Part 5, will receive 100% distribution of their timely filed claim** | ☐ Included | ☑ Not included |

**PART 2: PLAN PAYMENTS AND LENGTH OF PLAN**

**2.1 : The post-petition earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall pay to the Trustee for a period of months as follows:**

   $0.00    per month commencing    02/2024    through and including    01/2029    for a period of    60    months.

**2.2: Income tax refunds.**

If general unsecured creditors are paid less than 100%, as provided in Part 5 of this plan, then during the pendency of this case, the Debtor(s) will provide the Trustee with signed copies of filed federal and state tax returns for each year commencing with the tax year _____, no later than April 15th of the year following the tax period. **In addition to the regular monthly plan payments**, indicated tax refunds are to be paid in full to the Trustee upon receipt, however, no later than June 15th of the year in which the tax returns are filed.

**2.3: Additional payments.**

*Check one.*
   ☑ **None.** *If "None" is checked, the rest of §2.3 need not be completed.*

**PART 3: TREATMENT OF SECURED CLAIMS**

**3.1 : Maintenance of payments (including the debtor(s)'s principal residence).**

*Check one.*
   ☑ **None.** *If "None" is checked, the rest of §3.1 need not be completed.*

**3.2 : Cure of default (including the debtor(s)'s principal residence).**

*Check one.*
   ❑ **None.** *If "None" is checked, the rest of §3.2 need not be completed.*
   ☑ Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts listed below are controlling.

| Name of Creditor | Last 4 Digits of Acct No. | Principal Residence (check box) | Description of Collateral | Amount of Arrearage | Interest Rate (if any) |
|---|---|---|---|---|---|
| Wilmington Trust | 9577 | ❑ | 16105 92nd St Howard Beach, NY 11414-3429 | $270,000.00 | |

**3.3 : Modification of a mortgage secured by real property of the debtor(s).**

*Check one.*
   ☑ **The debtor(s) is not seeking to modify a mortgage secured by a property of the debtor(s).**

❑ **The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence and shall serve and file a Loss Mitigation Request under the Court's Loss Mitigation Program pursuant to General Order #676.** *Complete the paragraph below.*

The mortgage due to _____ (creditor name) on the property known as _____ (property address) under account number ending x_____ (last four digits of account number) is in default. All arrears, including all past due payments, late charges, escrow deficiency, legal fees and other expenses due to the mortgagee totaling _____ (total amount of arrearage), may be capitalized pursuant to a loan modification. The new principal balance, including capitalized arrears will be _____ (current total balance), and will be paid at _____ interest amortized over _____ years with an estimated monthly payment of _____ (total proposed monthly modified payment) including interest and escrow of _____ (escrow portion of monthly payment). The estimated monthly payment, including proposed principal, interest, and escrow, shall be paid directly to the trustee while loss mitigation is pending and until such time as the debtor(s) has commenced payment under a trial loan modification. Contemporaneous with the commencement of a trial loan modification, the debtor(s) will amend the Chapter 13 Plan and Schedule J to reflect the terms of the trial agreement, including the direct payment to the secured creditor going forward by the debtor(s).

❑ **The debtor(s) is seeking to modify a mortgage outside of the Court's Loss Mitigation Program and shall file a status letter on loss mitigation efforts seven (7) days prior to each scheduled Hearing on Confirmation.** *Complete the paragraph above.*

❑ **The debtor(s) has been offered and accepted a trial loan modification.** *Complete the paragraph below.*

The mortgage due to _____ (creditor name) on the property known as _____ (property address) under account number ending x_____ (last four digits of account number) is in default as of this date. The Debtor(s) has accepted a trial loan modification. Monthly payments under the trial period plan, in the amount stated in Section 3.1 above, shall be paid directly to the secured creditor commencing on _____, _____, and shall continue until a permanent modification agreement is authorized by the Court. Upon such Court authorization, except as otherwise expressly provided by Court Order, the Trustee is directed to cease any further disbursements on account of arrearage due on the claim of _____. The proof of claim affected by this paragraph is reflected on the Court's Claims Register as Claim # _____, originally filed for the benefit of _____ on _____, _____, in the total amount of _____. After Court authorization of the permanent modification agreement, if all other requirements for confirmation are satisfied, this plan may be confirmed without further amendment incorporating the order only if this plan is timely served upon the secured creditor on the address for notices indicated on the proof of claim.

**3.4 : Request for valuation of security, payment of fully secured claims, and modification of under-secured claims.**

*Check one.*

❑ **None.** *If "None" is checked, the rest of §3.4 need not be completed.*

*The remainder of this paragraph is only effective if the applicable box in Part 1 of this plan is checked.*

☑ The debtor(s) shall file a motion to determine the value of the secured claims listed below. Such claim shall be paid pursuant to order of the court upon determination of such motion. This paragraph shall not modify liens underlying any secured claims under non-bankruptcy law absent an order determining such motion, and until either completion of payments under the plan or entry of discharge of the debtor(s), as determined by the Court.

| Name of Creditor | Last 4 Digits of Acct No. | Description of Collateral | Value of Collateral | Total Amount of Claim | Estimated Amount of Creditor's Secured Claim | Estimated Amount of Creditor's Unsecured Claim |
|---|---|---|---|---|---|---|
| Wilmington Trust | 9577 | 16105 92nd St Howard Beach, NY 11414-3429 | $1,300,000.00 | $741,000.00 | $741,000.00 | $0.00 |

**3.5 : Secured claims on personal property excluded from 11 U.S.C. §506.**

*Check one.*
  ☑ **None.** *If "None" is checked, the rest of §3.5 need not be completed.*

**3.6 : Lien avoidance.**

*Check one.*
  ☑ **None.** *If "None" is checked, the rest of §3.6 need not be completed.*

**3.7 : Surrender of collateral.**

*Check one.*
  ☑ **None.** *If "None" is checked, the rest of §3.7 need not be completed.*

## PART 4: TREATMENT OF FEES AND PRIORITY CLAIMS

**4.1 : General.**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in §4.5, will be paid in full without post-petition interest.

**4.2 : Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3 : Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is $ __0.00__ .

**4.4 : Priority claims other than attorney's fees and those treated in §4.5.**

*Check one.*
  ☑ **None.** *If "None" is checked, the rest of §4.4 need not be completed.*

**4.5 : Domestic support obligations.**

*Check one.*
  ☑ **None.** *If "None" is checked, the rest of §4.5 need not be completed.*

## PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims will be paid pro rata:
  ☐ Not less than the sum of $ _____ .

☐ Not less than _____ % of the total amount of these claims.

☑ From the funds remaining after disbursement have been made to all other creditors provided for in this plan.

If more than one option is checked, the option providing the largest payment will be effective.

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1 : The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of §6.1 need not be completed.*

## PART 7: VESTING OF PROPERTY OF THE ESTATE

Unless otherwise provided in the Order of Confirmation, property of the estate will vest in the debtor(s) upon completion of the plan.

## PART 8: POST-PETITION OBLIGATIONS

**8.1 :** Post-petition mortgage payments, vehicle payments, real estate taxes, and domestic support obligations are to be made directly by the debtor(s) unless otherwise provided for in the plan.

**8.2 :** Throughout the term of this Plan, the debtor(s) will not incur post-petition debt over $2,500.00 without written consent of the Trustee or by order of the Court.

## PART 9: NONSTANDARD PLAN PROVISIONS

**9.1 : Check "None" or list nonstandard plan provisions.**

☑ **None.** *If "None" is checked, the rest of §9.1 need not be completed.*

## PART 10: CERTIFICATION AND SIGNATURE(S):

**10.1:** I/we do hereby certify that this plan does not contain any nonstandard provisions other than those set out in the final paragraph.

_____/s/ Antonietta Modica_____  
Signature of Debtor 1

_____  
Signature of Debtor 2

Dated: _____02/19/2024_____

Dated: _____

_____/s/ Allan Winston, Horatio Jennings, Jr_____  
Signature of Attorney for Debtor(s)

Dated: _____02/19/2024_____